UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BARRIE D. SANDY,

        Plaintiff (s),
v.

MARK C. MCCLURE,
        Defendant(s).

No. **C 08-03052 SC**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Samuel Conti. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

    IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 6/23/2008 | Complaint filed | |
| 10/24/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 11/7/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |

available at http://www.cand.uscourts.gov)

| | | |
|---|---|---|
| 11/14/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 1, 17th Floor, SF at 10:00 AM | Civil _L.R. 16-10 |

Case 3:08-cv-03052-SC    Document 2    Filed 06/23/2008    Page 2 of 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASE NO. _____

ORDER SETTING CASE MANAGEMENT CONFERENCE

This action having been assigned to Judge Samuel Conti,

IT IS ORDERED that a conference will be held before Judge Conti on _____ at 10:00 A.M. in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

The parties shall appear in person or through counsel and shall be prepared to discuss the future course of the litigation including, but not limited to, matters set forth in Civil Local Rule 16-10.  Parties are to file a written case management statement at least 10 days before said hearing date.

The parties are required to comply with the provisions of Federal Rule of Civil Procedure 26, Civil Local Rules 16-3 to 16-10 (patent cases should comply with Patent Local Rule), including, but not limited to, the following requirements:

1. The parties must meet and confer no less than 21 days prior to the initial case management conference.

2. The parties must devise a discovery plan and submit it, jointly, no less than 7 days prior to the case management conference. The parties shall submit a proposed order embodying the terms of the discovery plan at the status conference.

3. At the "meet and confer" conference referenced in paragraph 1, above, the parties shall discuss whether and to what extent they shall make the kinds of "disclosures" contemplated in Federal Rules of Civil Procedure. The parties shall report to the

Court the results of this discussion in their case management conference statement.

Following the conference, appropriate orders will be entered regulating and controlling future proceedings in the case.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES TO THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF RULES 4 AND 5, FEDERAL RULES OF CIVIL PROCEDURE, and to file with the Clerk of the Court a certificate reflecting such service.

```
                              FOR THE COURT:
                              Richard W. Wieking, Clerk


                              By: _____
                                       Deputy Clerk
```

IMPORTANT:

SEE ATTACHED ORDER RE TIMELY FILING OF PLEADINGS, BRIEFS, AND MOTIONS CALENDAR AND ELECTRONIC CASE FILING:

Judge Conti's Law and Motion Calendar
is held at 10:00 A.M., Fridays.

2

NOTICE TO ALL ATTORNEYS:

<u>ORDER RE TIMELY FILING OF PLEADINGS, BRIEFS, MOTIONS, ETC.</u>

It has been noted by the court that many attorneys are not filing their pleadings and briefs within the time specified in the Local Rules, nor in the manner or form required. Specifically, many attorneys have filed briefs and memoranda in excess of twenty-five (25) pages, without leave of court. Said practice violates Civil Local Rule 7-4(b).

By addressing this order to you, the court does not infer that you or any member of your firm adheres to this practice, but rather seeks to put all attorneys on notice.

Any pleading or brief hereafter sought to be filed with the court after the required time, or in an improper manner or form, shall not be received or considered by the court. Any attorney in violation of these requirements will be subject to other sanctions pursuant to Civil Local Rule 1-4.

<u>RE ELECTRONIC CASE FILING:</u> In all cases that have been assigned to the Electronic Case Filing System, the parties are required to provide one paper copy of each document that is filed electronically for use in chambers. The paper copy of each document shall be delivered no later than noon on the day after the document is filed electronically. Delivery shall be made directly to Judge Conti's chambers.

<u>RE MOTIONS:</u> All pleadings relating to all motions should be complete as to briefing and argument, as the court will decide the issues therein without oral argument, unless otherwise ordered by the Judge. When this occurs, the court will notify the parties that they need to appear. (Civil Local Rule 7-6)

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.   Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.   Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.   Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.   Motions: All prior and pending motions, their current status, and any anticipated motions.

5.   Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.   Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.   Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.   Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.   Class Actions: If a class action, a proposal for how and when the class will be certified.

10.  Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.  Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.