United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRIE D. SANDY, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARK C. McCLURE, an individual;<br>PAULA R. WALLEM, an individual; JOY<br>E. TARBELL, an individual; JOY<br>TARBELL REALTY, LLC, dba PRUDENTIAL<br>JOY TARBELL REALTY, a New Hampshire<br>limited liability company; MB<br>EQUITY PARTNERS, LLC, a Delaware<br>limited liability company; DOES 1<br>through 20,<br><br>　　　　Defendants. | Case No. 08-3052 SC<br><br>ORDER DENYING<br>DEFENDANTS' MOTION TO<br>TRANSFER VENUE |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Transfer Venue ("Motion") filed by the pro se defendants Mark C. McClure and his wife, Paula R. Wallem ("Defendants").  Docket No. 18.  The plaintiff Barrie D. Sandy ("Plaintiff") filed an Opposition and Defendants submitted a Reply.  Docket Nos. 22, 27.  For the following reasons, Defendants' Motion is DENIED.

///

## II. **BACKGROUND**

This action involves business deals gone wrong between Plaintiff and Defendants. Plaintiff filed a Complaint in this Court alleging fourteen causes of action. Compl., Docket No. 1. All of the causes of action are premised on state or common law, and include, among others, claims for breach of contract, negligence, breach of fiduciary duty, intentional infliction of emotional distress, and various theories of fraud. Id. Federal jurisdiction is based on diversity. Compl. ¶ 15. The Complaint was filed in June 2008. On July 24, 2008, Defendants filed an Answer denying all allegations. Docket No. 12. On September 2, in reaction to Plaintiff's Motion for Default, the Clerk of the Court entered default against the defendant MB Equity Partners. Docket No. 17. On September 8, Defendants filed the instant Motion. On September 30, Plaintiff filed notices of voluntary dismissal of the defendants Joy E. Tarbell and Joy Tarbell Realty, LLC, dba Prudential Joy Tarbell Realty. Docket Nos. 24, 25.

## III. **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). "A motion for

1  transfer lies within the broad discretion of the district court,
2  and must be determined on an individualized basis." Foster v.
3  Nationwide Mut. Ins. Co., No. C 07-4928, 2007 WL 4410408, at *1
4  (N.D. Cal. Dec. 14, 2007) (relying on Jones v. GNC Franchising,
5  Inc., 211 F.3d 495, 498 (9th Cir. 2000)).

6  To support a motion for transfer, the moving party must
7  establish that venue is proper in the transferor district, the
8  transferee district is one where the action might have been
9  brought, and the transfer will serve the convenience of the
10 parties and witnesses and will promote the interests of justice.
11 Foster, 2007 WL 4410408, at *2.  In determining these issues,
12 courts look to the following factors: (1) plaintiff's choice of
13 forum; (2) convenience of the parties and witnesses; (3) ease of
14 access to the evidence; (4) familiarity of each forum with the
15 applicable law; (5) feasibility of consolidation with other
16 claims; (6) any local interest in the controversy; and (7) the
17 relative court congestion and time of trial in each forum.  See
18 Foster, 2007 WL 4410408, at *2.  In addition, a forum selection
19 clause is a significant but not dispositive factor in a court's §
20 1404(a) analysis.  Jones, 211 F.3d at 498.

**IV. DISCUSSION**

23 After review of Plaintiff's Complaint, it would appear that
24 venue transfer would be appropriate.  The Court, however, does not
25 reach this issue, as Defendants, by filing their Answer before
26 filing the instant Motion, waived the defense of improper venue.
27 Federal Rule of Civil Procedure 12(b) states: "Every defense to a

3

1 claim for relief in any pleading must be asserted in the
2 responsive pleading if one is required. " Fed. R. Civ. P. 12(b).
3 Included in these defenses is improper forum. See id. at
4 12(b)(3). As the Ninth Circuit has stated, a "defendant must
5 object to venue by motion or in his answer to the complaint or
6 else his objection is waived." Costlow v. Weeks, 790 F.2d 1486,
7 1488 (9th Cir. 1986); see also Concession Consultants Inc. v.
8 Mirisch, 355 F.2d 369, 371 (2nd Cir. 1966) (holding that Rule
9 "12(h) states that an objection to improper venue must be made by
10 motion, or if no motion is made, by the answer or reply. If it is
11 not so raised, any objection to venue is waived.").
12    In the present case, because Defendants filed their Motion
13 after filing an Answer, and because they did not challenge the
14 venue in the Answer, the defense of improper venue is waived. See
15 Fed. R. Civ. P. 12(h) (stating "[a] party waives any defense
16 listed in Rule 12(b)(2)-(5) by . . . failing to . . . include it
17 in a responsive pleading . . .").
18    Furthermore, once a party has waived the defense of improper
19 venue, courts generally should not raise the issue on their own.
20 See Costlow, 790 F.2d at 1488 (stating "a district court may not
21 raise the issue of improper venue sua sponte where defendants have
22 waived their objection to venue") (citing Concession Consultants,
23 355 F.2d at 371); see also Concession Consultants, 355 F.2d at 371
24 (stating "[s]ince the right to attack venue is personal to the
25 parties and waivable at will, a district judge should not, in the
26 absence of extraordinary circumstances, impose his choice of forum
27 upon the parties by deciding on his own motion that there was a
28

4

lack of proper venue").

Although Defendants are currently without counsel and acting pro se, and although this most likely explains their failure to object to the venue prior to filing their Answer, the Court cannot conclude that this alone constitutes extraordinary circumstances. Because Defendants waived any objections to venue by filing a responsive pleading before filing their Motion, the Motion to Transfer Venue is DENIED.

## V.  **CONCLUSION**

For the reasons stated above, Defendants' Motion to Transfer Venue is DENIED.

IT IS SO ORDERED.

Dated: November 6, 2008

UNITED STATES DISTRICT JUDGE

5